**Hung VAN BUI, Plaintiff,**

v.

**The CHILDREN'S HOSPITAL OF PHILADELPHIA and Jonathan Post, Defendants.**

**CIV.A. No. 97–5571.**

United States District Court,
E.D. Pennsylvania.

March 13, 1998.

---

Thomas M. Holland, Christian M. Petrucci, Law Offices of Thomas More Holland, Philadelphia, PA, for Plaintiff.

Michael S. Burkhardt, Alan M. Kintisch, Morgan, Lewis & Bockius, Philadelphia, PA, for Defendants.

## SUPPLEMENTAL MEMORANDUM

ROBERT F. KELLY, District Judge.

By Memorandum and Order dated March 5, 1998, this Court dismissed the Plaintiff's Complaint with prejudice for failure of the Plaintiff to file security for costs. This Supplemental Memorandum sets forth additional reasons for the entry of the March 5 Memorandum and Order.

Local Rule of Civil Procedure 54.1(a) provides:

> In every action in which the plaintiff was not a resident of the Eastern District of Pennsylvania at the time suit was brought ... an order for security for costs may be entered, upon application thereof within a reasonable time and upon notice. In default of the entry of such security at the time fixed by the Court, judgment of dismissal shall be entered on motion.

Although the constitutional validity of this Rule has not been directly addressed, the Third Circuit has cited the Rule's predecessors (which were virtually identical) with approval. *See Bruffett v. Warner Communications, Inc.*, 692 F.2d 910, 920 n. 4 (3d Cir. 1982); *McClure v. Borne Chemical Co.*, 292 F.2d 824, 835 (3d Cir.1961), *cert. denied*, 368 U.S. 939, 82 S.Ct. 382, 7 L.Ed.2d 339 (1961). The Rule does not list specific factors a district court should consider in requiring a plaintiff to post security. In previous cases where defendants have sought security for costs, this Court has evaluated the likelihood of a plaintiff's ultimate success and a plaintiff's ability to post security or pay costs in making its determination. *Korat Gag v. Franklin Mint*, No. 88-577, 1988 WL 22074 (E.D.Pa. Mar. 9, 1988).

▇ It is agreed by both parties that the Plaintiff is not a resident of the Eastern District of Pennsylvania. Further, the Plaintiff does not contest the Defendant's assertions that the Motion for Security for Costs was made within a reasonable time and upon notice. With respect to the Plaintiff's likelihood of success, the Plaintiff alleges that the Defendant terminated the Plaintiff's employment in violation of the Americans with Disabilities Act (ADA) and the Pennsylvania Human Relations Act (PHRA). In order to

**56**

prevail under either statute, the Plaintiff must prove that he is a "qualified individual with a disability." 42 U.S.C. § 12112(a). A two-part test is used to determine whether someone is a "qualified individual with a disability." The Court must determine (1) whether the individual satisfies the prerequisites of the position, and (2) whether or not the individual can perform the essential functions of the position with or without reasonable accommodation. *Gaul v. Lucent Technologies, Inc.*, 134 F.3d 576, 580 (3d Cir. 1998). When testifying in support of his claim for workers' compensation benefits, the Plaintiff stated that he did not feel capable of returning to his job. (Def.'s Mot. for Security for Costs Ex. B.) He further stated that he had not applied for any type of employment and that he "cannot do anything."[1] (*Id.*) One of the Plaintiff's doctors, also testifying in support of the Plaintiff's workers' compensation claim, stated that the Plaintiff could only work in a position "where almost no movement or bending, walking, stooping, sitting very long, [or] any type of repetitive motion is necessary." (Def.'s Mot. for Security for Costs Ex. C.) Under these circumstances, it will be difficult for the Plaintiff to prove that he is a "qualified individual with a disability" who can perform the essential functions of his position as housekeeper.

 With respect to the Plaintiff's ability to post security or pay costs, the Defendant argued that the Plaintiff was not presently working, nor was he looking for work as of June 3, 1997. (*See* Def.'s Mot. for Security for Costs Ex. D.) Thus, the Defendant's fear that it might not be reimbursed for costs was justified. *See Korat Gag*, 1988 WL 22074 at \*2. The Plaintiff now asserts that he is indigent, and unable to post security for costs.[2] But the Plaintiff has failed to provide

any support for this allegation. This bare assertion, made only after the Motion for Security for Costs was granted, is insufficient to allow the Plaintiff to proceed without posting security in this case.

Evaluating the factors discussed above and the arguments presented by the parties, this Court determined that the Plaintiff should be required to post security for costs. The Plaintiff's failure to do so was grounds for dismissal of this action pursuant to Local Rule 54.1(a).

---

**1.** This Court recognizes that had this case proceeded to trial, there could have been an issue of judicial estoppel under *McNemar v. Disney Store, Inc.*, 91 F.3d 610 (3d Cir.1996). This Court is also aware of the controversy surrounding the *McNemar* decision. *See Krouse v. American Sterilizer Co.*, 126 F.3d 494, 502 n. 3 (3d Cir.1997). But *McNemar* has no effect on this case at this stage of the litigation. This Court's references to the Plaintiff's testimony in support of his worker's compensation claim is merely for purposes of evaluating the Plaintiff's likelihood of success on his ADA and PHRA claims.

**2.** This was not always the Plaintiff's position on this issue. As I noted in the Memorandum and Order of March 5, 1998, the Plaintiff attempted to distinguish the *Korat Gag* case by pointing out that the plaintiff in *Korat Gag* was in voluntary liquidation, making it unlikely that the defendant could be reimbursed. The Plaintiff was obviously asserting, at that time, that security was not needed in this case because the Plaintiff was in a position to pay any future award of costs.